**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DUNKIN' DONUTS FRANCHISED RESTAURANTS LLC, et al., | : : : | **OPINION** |
| Plaintiffs, | : : | Civ. No. 09-2636 |
| v. | : : | |
| JF-TOTOWA DONUTS, Inc., et al., | : : | |
| Defendants. | : : : : | |

**Walls, Senior District Judge**

Plaintiffs Dunkin' Donuts Franchised Restaurants LLC et al. (collectively, "Dunkin'")
move for a default judgment against Defendant Mahesh Prajapati ("Prajapati"), seeking the
dismissal of all counterclaims filed by Prajapati and attorneys' fees and costs. Under Rule 78 of
the Federal Rules of Civil Procedure, the motion is granted without oral argument.

### FACTUAL AND PROCEDURAL BACKGROUND

On May 29, 2009, Dunkin' filed a complaint against Prajapati and other parties. ECF No.
1. Prajapati, through his counsel, answered the Complaint and First Amended Complaint, and
filed counterclaims with each answer. ECF Nos. 16, 17, 19, 24, 33. He did not file an answer to
the Second Amended Complaint. Dunkin' filed an answer to the First Amended Counterclaims
on October 1, 2009. ECF No. 34. Prajapati, through his counsel, was served with a notice of
deposition on September 12, 2011, November 3, 2011, and December 2, 2011. Mot. for Default
Judgment, ¶ 4. Prajapati failed to appear for his deposition scheduled for December 20, 2011. *Id.*,
Ex. 1.

NOT FOR PUBLICATION

At the deposition, Prajapati's former counsel, Neil Miller, told Dunkin' that Prajapati's whereabouts were unknown. *Id.*, ¶ 6. On January 17, 2012, attorneys David Paris, Ross Schmierer, and Neil Miller filed a Notice of Motion to Withdraw as Attorney for Mahesh Prajapati. ECF No. 94. This motion was granted on January 25, 2012. ECF No. 97. Prajapati was ordered to secure new counsel or be deemed to be proceeding *pro se* in the case. ECF No. 87. He failed to make an appearance or to secure new counsel.

On January 31, 2013, Dunkin' filed a Motion for Default Judgment as to Mahesh Prajapati, ECF No. 136, and a motion to dismiss their claims against him. ECF No. 137. This Court granted the motion to dismiss Counts I-VI of the Second Amended Complaint without prejudice against Prajapati on March 12, 2013. ECF No. 142. The Clerk of Court entered default against Prajapati on March 15, 2013. ECF No. 144.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 37(b)(2)(A) provides that if a party fails to obey an order to provide or permit discovery, "the court where the action is pending may issue further just orders," which includes "(vi) rendering a default judgment against the disobedient party."

When determining whether a sanction order appropriately deprives a party of the right to prosecute or defend a claim, the Third Circuit has instructed courts to consider the six factors outlined in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984): (1) the extent of the party's personal responsibility; (2) prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) history of dilatoriness; (4) willful or bad faith conduct of an attorney; (5) alternative sanctions; and (6) meritoriousness of the claim or defense. *See Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 919 (3d Cir. 1992). The Court must make factual findings for all these factors, but it is not necessary that all factors weigh in

**NOT FOR PUBLICATION**

favor of default for such a sanction to be upheld. *Id.* (citing *Mindek v. Rigatti*, 964 F.2d 1369,
1373 (3d Cir. 1992)).

      In addition, Federal Rule of Civil Procedure 55 governs the entry of default and default
judgments. The power to grant default judgment "has generally been considered an 'inherent
power,' governed not by rule or statute but by the control necessarily vested in courts to manage
their own affairs so as to achieve the orderly and expeditious disposition of cases." *Hritz v.
Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (citation omitted). Because a default judgment
prevents a plaintiff's claims from being decided on the merits, "this court does not favor entry of
defaults or default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194
(3d Cir. 1984).

      "[T]he factual allegations in a complaint, other than those as to damages, are treated as
conceded by the defendant" in a motion for default judgment. *DIRECTV, Inc. v. Pepe*, 431 F.3d
162, 165 (3d Cir. 2005). The Court, however, makes "an independent inquiry into 'whether the
unchallenged facts constitute a legitimate cause of action'" and "must make an independent
determination" regarding questions of law. *Days Inn Worldwide, Inc. v. Mayu & Roshan, L.L.C.*,
Civ. No. 06-1581, 2007 WL 1674485, at *4 (D.N.J. June 8, 2007).

## DISCUSSION

### *Failure to Prosecute*

      When determining whether a sanction order appropriately deprives a party of the right to
prosecute a claim, the Third Circuit has instructed courts to consider the six factors outlined in
*Poulis*: (1) the extent of the party's personal responsibility; (2) prejudice to the adversary caused
by the failure to meet scheduling orders and respond to discovery; (3) history of dilatoriness; (4)

**NOT FOR PUBLICATION**

willful or bad faith conduct of an attorney; (5) alternative sanctions; and (6) meritoriousness of the claim or defense. 747 F.2d at 868.

As to the first factor, Defendant Prajapati was represented by counsel from the beginning of the litigation. But Prajapati's counsel, after Prajapati failed to appear for a scheduled deposition, allegedly told Dunkin' that his client's whereabouts were unknown. Subsequently, on January 17, 2012, attorneys David Paris, Ross Schmierer, and Neil Miller filed a Notice of Motion to Withdraw as Attorney for Mahesh Prajapati. The motion was granted on January 25, 2012. Prajapati was advised of the Motion to Withdraw by certified mail, afforded an opportunity to retain new counsel, and failed to do so. *See Opta Sys., LLC v. Daewoo Electronics America, et al.*, 483 F. Supp. 2d 400, 404 (D.N.J. 2007). Prajapati is clearly responsible for his conduct in this matter, and "cannot claim that the failure to prosecute resulted from the actions of [his] attorney." *Id.*; *see also Hoxworth*, 980 F.2d at 920 (noting a litigant's personal responsibility under *Poulis* when acting *pro se*). Dunkin' has also fully participated in this litigation, and Prajapati cannot claim that any failure to prosecute has resulted from Plaintiff's actions. *Opta Sys.*, 483 Supp. 2d at 405.

As to the second factor, the prejudice to Dunkin' is clear as Prajapati's non-responsiveness has caused the futile expenditure of time and costs and has stalled prosecution of the case. *See Hoxworth*, 908 F.2d at 920-21. Prajapati's last contact with this Court was his Answer to the First Amended Complaint, which was filed through counsel on September 24, 2009 (ECF No. 33). Prajapati, through counsel, was served with a notice of deposition on September 12, 2011, November 3, 2011, and December 2, 2011, but failed to appear for his deposition. It follows that Dunkin' has been unable to proceed with its claims for nearly two

**NOT FOR PUBLICATION**

years. *See* Mot. for Default Judgment, ¶ 10. The record demonstrates that Prajapati's conduct has prejudiced Dunkin'.

As to the third factor, for similar reasons, a history of dilatoriness exists given that Prajapati has ignored or failed to comply with the Court's directives to answer the Second Amended Complaint, to appear for a deposition, or to inform the Court whether he had secured new counsel or was proceeding *pro se* in the case. *See Opta Sys.*, 483 Supp. 2d at 405.

As to the fourth factor, this Court must conclude that Prajapati's failure has been willful given his failure to respond and the lack of any evidence of excusable neglect. *See Days Inns Worldwide, Inc. v. Al Noor Corp.*, Civ. No. 10-479, 2012 WL 715252, at *2, *5 (D.N.J. Mar. 5, 2012) ("Defendants' initial, active participation in the proceedings, followed by a seven-month period of non-responsiveness, demonstrates Defendants' willful neglect."); *Ramada Worldwide Inc. v. NPR Hospitality Inc.*, Civ. No. 06-4966, 2008 WL 163641, at *4 (D.N.J. Jan. 16, 2008) ("The record shows that Defendants have failed to respond despite having received ample notice. In the absence of any explanation by Defendants, the Court considers their noncompliance as wilful.").

As to the fifth factor, nothing less than the extreme sanction of dismissal would be appropriate here since any alternative sanctions, such as monetary sanctions, would be futile given Prajapati's failure to litigate. *See Days Inn*, 2012 WL 715252, at *3, *6; *First Franklin Fin. Corp. v. Rainbow Mortgage Corp.*, Civ. No. 07-5440, 2010 WL 4923341, at *6 (D.N.J. Oct. 19, 2010).

As to the sixth factor, the Third Circuit has stated that "[a] claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Poulis*, 747 F.2d at 869-70. But a

**NOT FOR PUBLICATION**

court need not "have a mini-trial before it can impose a default." *Hoxworth*, 980 F.2d at 922. Instead, "where both parties' positions appear reasonable from the pleadings, the issue of meritoriousness is neutral and non-dispositive." *Days Inn*, 2012 WL 715252, at *6 (citing *Hoxworth*, 980 F.2d at 22). As a result, at best, the issue of meritoriousness appears to be neutral and non-dispositive.

While dismissing Prajapati's counterclaims is a drastic sanction, *Poulis*, 747 F.2d at 867-68, the record before this Court demonstrates that while Prajapati initially appeared, he thereafter repeatedly failed to participate in discovery. His conduct has stalled the entire litigation for nearly two years. It follows that Prajapati's counterclaims should be dismissed for failure to prosecute.

***Motion for Default Judgment***

Federal Rule of Civil Procedure 55(a) provides that default judgment may be entered against a party who has "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). 55(b) allows the Court to enter a judgment by default upon the application of a party. The Third Circuit has suggested that a default judgment can be imposed under a variety of circumstances, including failure to comply with a court's orders to retain substitute counsel, file a pretrial memorandum, or respond to discovery requests. *Hoxworth*, 980 F.2d at 918.

In considering whether to grant a motion for default judgment, a court must consider the *Poulis* factors. *Id.* at 919. As noted, it is not necessary that all factors favor default before it will be imposed. *Id.*; *see also Opta Sys.*, 483 F. Supp. 2d at 406. As addressed earlier, the considerations outlined in *Poulis* weigh in favor of entering default against Prajapati, who bears responsibility for failing to participate in the litigation. Dunkin' has been prejudiced by

NOT FOR PUBLICATION

Prajapati's failure to defend the action. He has, at this point, exhibited a history of dilatory behavior, and there are no effective alternative sanctions available.

In considering whether a claim or defense is meritorious, the summary judgment standard is not used. *Poulis*, 747 F.2d at 869-70. A "claim or defense will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by [the litigant]." *Id.* In the Amended Complaint, Dunkin' alleges breaches of several contracts, trademark infringement, unfair competition, and trade dress infringement. Am Compl., ¶¶ 50-74. This Court has reviewed these claims and determined that, if established at trial, they would support recovery by Dunkin'. It follows that the Court finds Plaintiff's claims meritorious. *See Poulis*, 747 F.2d at 869-70. The Court finds that the *Poulis* factors weigh in favor of entering a default judgment against Defendant Prajapati.

### *Damages*

The only allegations in a plaintiff's complaint not treated as true upon the entry of a default judgment are those pertaining to the amount of damages. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). Under Federal Rule of Civil Procedure 55(b)(2), a district court "may conduct such hearing or order such references as it deems necessary and proper" in order "to determine the amount of damages." If the damages are for a "sum certain or for a sum which can by computation be made certain," further evidentiary inquiry is not necessary. Fed. R. Civ. P. 55(b)(1); *Comdyne I*, 908 F.2d at 1149.

Dunkin' sufficiently establishes its costs and attorneys' fees, and its request for $944.50 will be granted based on the supporting documentation submitted. Mot. for Default Judgment, Certification of David E. Worthen, ¶¶ 4-7.

**NOT FOR PUBLICATION**

## CONCLUSION

All counterclaims filed by Mahesh Prajapati are dismissed, and Dunkin' is awarded $944.50 in costs and attorneys' fees.

April 2, 2013

**/s/ William H. Walls**
United States Senior District Judge